FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 APR 16 PM 3:26

CLERK OF COURT

Joseph K. Harris

PLAINTIFF,

V.     ☐ ORIGINAL

Civil Action No. 4-13-CV-314-Y

ACE CASH CORP.

TRIAL BY JURY

DEFENDANT.

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH K. HARRIS, by and through himself and for his Complaint against the Defendant, ACE CASH CORP., Plaintiff states as follow:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*, the Fair Debt Collection Practices Act ( hereinafter, "FDCPA"), 15 U.S.C. section 1692 *et seq.*, .which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA and TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. sections 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. sections 1391(b).

## PARTIES

4. JOSEPH K. HARRIS, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Tarrant, Texas.

5. At all times, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. sections 1692a (3).

6. ACE CASH CORP. (hereinafter, "Ace Cash Express") is a business entity engaged in the collection of debt within the State of Texas. Defendant is located on 1231 Green St. Dallas, TX 75208. Whose primary business is debt collection from consumers.

7. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. section 1692a (6).

## ALLEGATIONS OF FACT

8. Plaintiff has received numerous phone calls from Defendant to his cellular telephone seeking to collect an alleged debt.

9. Plaintiff has documented at least 6 phone calls from the Defendant throughout the months of March and April, 2013.
10. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.
11. Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.
12. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.
13. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.
14. Plaintiff answered the initial phone call on March 27th, 2013. "Elida" A Representative from ("Ace Cash Express"), asked Plaintiff his name and if he had any intentions of paying this alleged debt.
15. Plaintiff replied, "I am receiving multiple calls from different entities can you send all information pertaining to the alleged debt in the mail."
16. "Elida", replied "Just go to the store and pay the debt!" Plaintiff responded "that once he received the information he requested that he would handle the situation accordingly."
17. On March 29th, 2013, Plaintiff returned a missed call to unlisted number (682-323-3311) and asked if someone from the number was trying to reach Joseph Harris. "Lisa" A representative from ("Ace Cash Express") replied, "That it was their automated phone call that dials telephones automatically, and when the call is not answered it leaves a prerecorded message for the recipient."

18. Plaintiff replied, "That he spoke with Elida from Ace Cash Express and requested all information pertaining to the debt, and if it was not sent to please do so. Once received he will reply accordingly."

19. On March 29th, 2013, Plaintiff mailed a certified CEASE and DESIST letter to the Defendant at the location 1231 Green St. Dallas, TX 75208.

20. On April 3rd, 2013, "Ace Cash Express" received certified letter to CEASE and DESIST.

21. On April 3rd, 2013, Plaintiff received a phone call from ("Ace Cash Express") Elida asked if she could speak with Plaintiff about his alleged debt." Plaintiff responded, "Look Elida, I'm at work." Plaintiff lost signal to the cellular phone call.

22. On April 5th, 2013, Plaintiff received an automated message from ("Ace Cash Express") to his cellular phone stating: "This is a very important message and it is imperative to return this call as soon as possible at 1-800-817-5106. Please refer to reference case #007541674 it is extremely important that you call 1-800-817-5106 use reference #007541674.

23. Defendant continued its egregious behavior on April 8th, 2013, Defendant called Plaintiffs cellular phone again leaving a message for the Plaintiff to return their call.

24. On April 12th, 2013, Plaintiff received an automated message from "Ace Cash Express" to his cellular phone stating: "This is a very important message and it is imperative to return this call as soon as possible at 1-800-817-5106. Please refer to reference case #007541674 it is extremely important that you call 1-800-817-5106 use reference #007541674.

25. The Defendants actions constitute conduct highly offensive and deceptive to "least sophisticated consumer". Therefore, Defendant is liable to Plaintiff for actual and statutory damages.

## COUNT I

### VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTIONS 1692e (11)

26. Paragraphs 1 through 26 are realleged as though fully set forth herein.

27. On March 26st, 2013, March 29th, 2013, April 3rd, 2013, Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692e (11) as this provision specifically forbids a debt collector from engaging any person in telephone conversation without first stating the mini-Miranda warning: "This communication is from a debt collector...this is an attempt to collect a debt any and all information will be used for that purpose."

28. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of an unsolicited call on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT II

### VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTIONS 1692c (C)

29. Paragraphs 1 through 29 are realleged as though fully set forth herein.

30. The Defendant violated the ("FDCPA") 15 U.S.C. sections 1692c(C), on April 3rd, 2013, April 5th, 2013, April 8th, 2013, April 12th, 2013 by continuing their egregious debt collection efforts after being notified in writing to Cease and Desist.

31. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT III

## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTIONS 1692(g)

32. Paragraphs 1 through 32 are realleged as though fully set forth herein.

33. The Defendant violated the ("FDCPA") 15 U.S.C. sections 1692(g), on April 2nd, by failing to send consumer a 30-day validation notice within five days of the initial communication.

34. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTIONS 227(b)(A)(iii)

35. Paragraphs 1 through 35 are realleged as though fully set forth herein.

36. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b) (A) (iii) on April 5th, 2013.

37. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

38. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware

6

aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## COUNT II

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTIONS 227(b)(A)(iii)

39. Paragraphs 1 through 39 are realleged as though fully set forth herein.

40. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b) (A) (iii) on April 8th, 2013.

41. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

42. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

43. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such Act.

44. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

45. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such Act.

46. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT III

### VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTIONS 227(b)(A)(iii)

47. Paragraphs 1 through 46 are realleged as though fully set forth herein.

48. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b) (A) (iii) on April 12th, 2013.

49. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

50. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and **hardware**

aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

51. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such Act.

52. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Joseph K. Harris, prays the following relief:

a) Statutory damages pursuant to 47 U.S.C. section 227 *et seq.*;
b) Statutory damages pursuant to 15 U.S.C. section 1689k;
c) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional and reckless TCPA, and FDCPA violations and intentional and reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;
d) Such other and further relief as may be just and proper.

Respectfully submitted,

Joseph K. Harris

311 Industrial Blvd. Apt 279

Euless, Texas 76040

Jkharris1983@hotmail.com

(817) 217-2629

JS 44 (Rev. 09/11) CIVIL COVER SHEET 4-13CV-314-Y

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
JOSEPH K. HARRIS

### DEFENDANTS
ACE CASH CORP.

**(b)** County of Residence of First Listed Plaintiff **TARRANT COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **DALLAS COUNTY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 et seq. and 47 U.S.C. section 227 et seq.
Brief description of cause:
violations of the FDCPA and TCPA by repeated unsolicited phone calls and robo-calls

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 04/14/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a realted case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "realted" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.